**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

| | | |
|---|---|---|
| FRANSCISCO MARTINEZ-ESTRADA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-201-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN, FCI-MANCHESTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Franscisco Martinez-Estrada, an individual currently confined in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. §2241 [Record No. 1] and has paid the district court filing fee for a habeas action. The matter is before the Court for screening.[1] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). For the reasons to be discussed below, the petition will be denied and the action dismissed, without prejudice.

---

[1]     This *pro se* petition is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), this court can dismiss the case if it is frivolous or malicious, or fails to state a claim upon which relief can be granted.

<u>CLAIMS AND ALLEGATIONS</u>

The Petitioner states that in 1992, he was sentenced to 204 months' imprisonment on a drug conspiracy conviction.  In 1993, the United States Immigration and Naturalization Service ("INS")[2] lodged a detainer against him with the Federal Bureau of Prisons.  He alleges that his sentence will expire on February 23, 2007.

Martinez-Estrada claims that upon the expiration of his sentence, he will be held in INS custody indefinitely because he is a Cuban citizen who cannot be deported to Cuba.  He cites to *Zadvydas v. Davis*, 533 U.S. 678 (2001), as holding that such an indefinite detention would raise serious constitutional problems if removal is not foreseeable.  Therefore, because the expiration of his sentence is imminent and his anticipated indefinite detention which would be contrary to the holding in *Zadvydas*, he asks that the Court direct the warden to release him as soon as his sentence expires.

<u>DISCUSSION</u>

Habeas corpus jurisdiction exists under 28 U.S.C. §2241 when a Petitioner asserts that his *current* custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3).  Here, the Petitioner has admitted that he is serving a criminal sentence and that his claim herein is that his *future* custody will be illegally long.  However, as long as his detention is in service of a valid criminal sentence, his petition is premature.  He is only anticipating coming into the custody of the INS or its successor agency.

---

[2]     The Immigration and Naturalization Service has been abolished and its immigration enforcement function transferred to the United States Bureau of Immigration and Customs Enforcement ("ICE") in the Department of Homeland Security.  This change does not affect the immigration detainer or the instant cause of action.

The law is well-settled that a prisoner must wait until he comes into the custody of the INS or ICE authorities to challenge its detention, as an immigration detainer itself does not confer custody to the INS. *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y) (noting the Petitioner's status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its conclusion, including *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir. 1993); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); and *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). *See also Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (relying on *Campillo*, 853 F.2d at 595).

In summary, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." *Campillo*, 853 F.2d at 595. Thus, because the instant Petitioner admits that he is still serving his criminal sentence, any interference by this Court is barred.

The Court further notes that, even after the Petitioner's sentence expires and he becomes detained under the authority of the INS, he may be detained by the immigration authorities for not-insignificant periods of time. If deportation proceedings are planned, the governing statute requires that the alien "shall" be kept in custody until the proceedings are completed. 8 U.S.C. § 1226. As to the length of this pre-hearing detention, it may be for 6 months or longer, so long as the detention is justified and reasonable. *See Ly v. Hansen*, 351 F.3d 263, 273 (6th Cir. 2003) (detention by the INS for 1½ years without a final decision on removal and without any special justification for the delay, was unreasonable and his actual removal not reasonably foreseeable;

therefore, the district court's grant of habeas relief was affirmed).  The reasonableness of the length of detention must be determined on a case-by-case basis under habeas review.  *Id.  See also Yang v. Chertoff*, 2005 WL 2177097 (E.D.Mich. 2005) (not reported) (discussing *Ly* and denying §2241 petition of Yang, who had been in ICE custody for only three months).

Additionally, an immigration detainee may be held as much as 6 months *after* the hearing if an order of removal issues from the immigration judge.  For this post-removal-order period of time, the governing statute is 8 U.S.C. §1231.  On its face, the statute provides that immigration authorities "shall remove" the alien within 90 days after the alien has been ordered removed.

It is the length of this detention, *i.e.*, the detention of a *post-removal-order alien*, that *Zadvydas* addresses.  The case does not stand for the proposition that the instant Petitioner is entitled to any relief now, even if he has already been ordered removed.  Rather, in *Zadvydas*, the Supreme Court interpreted §1231(a)(6) to authorize the detention of a post-removal-order alien beyond the statutory 90 days, the Court holding that the detention may last only for as long as is "reasonably necessary" to effectuate the alien's removal and that six months is the presumptive period of time that is reasonably necessary to effectuate removal.  533 U.S. at 689, 699.  *See also Clark v. Martinez*, 543 U.S. 371, 373 (2005).

Accordingly,  Martinez-Estrada has failed to state any facts or legal grounds establishing or even suggesting that his current detention is illegal.  In short, the present petition is premature.  *See Cuevas-Rodriguez v. Chertoff*, 2006 WL 1421032 (E.D. Mich. 2006) (slip op.); *Aramayo-*

*Escobar v. Bureau of Immigration and Customs Enforcement*, 2005 WL 2860648 (M.D. Pa. 2005) (slip op.).

CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** as follows:

(1)     Petitioner Martinez-Estrada's petition for writ of habeas corpus is **DENIED**.

(2)     This action is **DISMISSED**, *sua sponte* and without prejudice, from the Court's docket.

This 16th day of October, 2006.

Signed By:

*Danny C. Reeves*   DCR

United States District Judge